IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| BABBAGE HOLDINGS, LLC<br><br>Plaintiff,<br><br>v. | |
|---|---|
| ACTIVISION BLIZZARD, INC., ACTIVISION, INC. and BLIZZARD ENTERTAINMENT, INC., | 2:13-CV-750 |
| CAPCOM U.S.A., INC. and CAPCOM ENTERTAINMENT, INC., | 2:13-CV-751 |
| THE WALT DISNEY CO. and DISNEY INTERACTIVE STUDIOS, INC. and LUCAS ARTS ENTERTAINMENT COMPLANY, LLC, | 2:13-CV-752 |
| ELECTRONIC ARTS INC., | 2:13-CV-753 |
| NAMCO BANDAI GAMES AMERICA, INC. and NAMCO BANDAI HOLDINGS (USA), | 2:13-CV-755 |
| UBISOFT, INC. and UBISOFT HOLDINGS, INC., | 2:13-CV-758 |
| TAKE-TWO INTERACTIVE SOFTWARE, INC. ROCKSTAR GAMES, INC., 2KSPORTS, INC. and 2K GAMES, INC. | 2:13-CV-764 |
| SQUARE ENIX, INC. and SQUARE ENIX OF AMERICA HOLDINGS, INC., | 2:13-CV-765 |
| RIOT GAMES, INC. | 2:13-CV-766 |

**DEFENDANTS' MOTION TO DISMISS BABBAGE HOLDINGS, LLC'S
CLAIMS OF INDIRECT PATENT INFRINGEMENT**

On December 9, 2013, over two months after filing virtually identical complaints for patent infringement against nine defendants, Plaintiff Babbage Holdings, LLC ("Babbage") withdrew its request for injunctive relief because the patent asserted in this case is expired. *See, e.g.*, Dkt. No. 10. For the same reason, Babbage should have dismissed its claims of indirect patent infringement. The instant motion to dismiss Babbage's indirect infringement claims should be decided at the earliest possible time for two reasons. First, Babbage cannot remedy the issues addressed herein

through amendment.  Indirect infringement cannot be adequately plead with a patent that *expired before* the accused infringer had knowledge of the patent.  Second, Babbage's asserted claim is a method claim that can be infringed only through use of the accused "video games."  Thus, eliminating Babbage's indirect infringement claims either eliminates Babbage's infringement claim entirely, or relegates its direct infringement claim to the defendants' use of "video games," presumably during development.  Accordingly, resolving the instant motion promotes early resolution of this matter.

Claims of indirect infringement, both induced and contributory, require, at a minimum, that plaintiff plead facts to show that (1) the defendant had knowledge of the existence of the patent and the alleged indirect infringement, and (2) possessed a specific intent to infringe.  Here, Babbage fails to plead any facts to plausibly support these two basic elements, and for good reason – the patent-in-suit expired shortly after this action was filed and over a week before any of the Defendants were served with this lawsuit.  Because Babbage did not and cannot allege any facts to show that Defendants were aware of the patent pre-expiration, Plaintiff cannot plausibly allege that Defendants had "knowledge" of the asserted patent during the time when infringement could have occurred or that Defendants possessed a specific intent to infringe.  Accordingly, Defendants respectfully request that the Court dismiss Babbage's indirect infringement claims under Federal Rule of Civil Procedure 12(b)(6).

## I.     BACKGROUND

Between September 23, 2013 and September 26, 2013, Babbage filed the nine separate lawsuits listed in the caption above.  Each lawsuit asserts a single patent, U.S. Patent No. 5,561,811 (the '811 patent), which purportedly relates to a multi-user, multi-device system and method for controlling a single display.  The '811 patent expired on October 1, 2013, just days after the

lawsuits were filed. Each of the Defendants were served over a week after the patent expiration. Indeed, a summons did not even issue until October 9, 2013. Dkt. No. 6.

Babbage's Complaints each contain the following identical indirect infringement allegations:

> 9. Defendant[s] are infringing the '811 patent under 35 U.S.C. §271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell, and selling within the United States video games that practice the inventions of the '811 patent; (b) contributing to the infringement of the '811 patent by others in the United States; and/or (c) inducing others to infringe the '811 patent within the United States.
>
> 10. For example, Defendant[s] sell, offer for sale, and/or use at least [representative accused product], thereby infringing at least claim 7 of the '811 patent. Defendants induce the use of the [representative accused product] by others, such as their customers, who also directly infringe the '811 patent. Defendants have actively and knowingly aided and abetted that direct infringement. Defendants actually intended to cause the acts that constitute direct infringement, knows of the '811 patent at least as early as the filing date of the Complaint, and knew their actions would lead to actual infringement and/or was recklessly indifferent with respect thereto. Further, Defendants sold, offered for sale, and/or imported a material component of the patented invention that is not a staple of commerce capable of substantial non-infringing use, with knowledge of the '811 patent, and knowledge that the component was especially made or adapted for use in an infringing manner.

Dkt. No. 1 at ¶¶ 9, 10.

## II. BABBAGE'S INDIRECT INFRINGEMENT CLAIMS SHOULD BE DISMISSED.

Babbage's Complaint does not allege sufficient facts to plausibly state a claim for relief for indirect infringement. In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege sufficient factual matter that, when taken as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). A claim is plausible on its face only when there are sufficient facts pleaded that allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

3

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The determination of whether a claim is plausible on its face is "context-specific" and requires the court to "draw on its judicial experience and common sense." *Id*. at 679.

As the Federal Circuit explained in *In re Bill of Lading*, Babbage's claims for induced and contributory infringement must be pleaded according the heightened standards articulated in *Iqbal*. *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012) (*Iqbal* pleading standards apply to claims for indirect infringement). Babbage's Complaint does not meet this heightened pleading standard.

### A. Babbage Fails to Plead Facts to Plausibly Allege Knowledge of the Patent or of the Alleged Infringement.

Both induced and contributory infringement require knowledge of the patent and of the alleged indirect infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-69, 179 L. Ed. 2d 1167 (2011); *InMotion Imagery Technologies v. Brain Damage Films*, 2:11-CV-414-JRG, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012) (induced infringement "requires knowledge that the induced acts constitute infringement") (citing *Global-Tech*). Babbage's Complaint does not satisfy this requirement.

Babbage has not plead facts that plausibly show that Defendants had knowledge of the patent – let alone knowledge of the alleged infringement – prior to the expiration of the '811 patent. Babbage merely alleges that the Defendants knew of the '811 patent "at least as early as the filing date of the Complaint." (Dkt. No. 1 at ¶10). But Babbage provides no plausible basis to support such an allegation, and a plaintiff's simple act of filing a complaint does equate to knowledge of the complaint by the defendant. Instead, the law expressly requires that the plaintiff formally serve the complaint on a defendant to support an inference of notice of a pending lawsuit. Fed. R. Civ.

P. 4; *Volkswagenwerk A.G. v. Schlunk*, 486 U.S. 694, 700 (1988) ("[T]he term 'service of process' . . . refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action.").

Courts similarly recognize the important distinction between *filing* a complaint and *serving* a complaint when it comes to imparting notice of a patent asserted in a complaint. *See, e.g.*, *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, CIV.A. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) ("***Service of the original complaint gives the actual notice*** of the patent's existence.") (emphasis added); *Black & Decker (US) Inc. v. Catalina Lighting, Inc.*, 953 F. Supp. 134, 139 (E.D. Va. 1997) ("[defendant] had no notice of the patent in suit ***until [] service of the instant complaint***") (emphasis added). This distinction was of particular relevance in *Service Solutions U.S., LLC v. Autel U.S. Inc.*, where the court disregarded the plaintiff's argument that "knowledge of the patents-in-suit may be established through the filing of the complaint." *See Service Solutions U.S., LLC v. Autel U.S. Inc.*, 2013 WL 5701063, at *9 (E.D. Mich. Oct. 18, 2013). Instead, the court held that only "[p]laintiff's ***service of that complaint*** upon Defendants is sufficient to show knowledge of the patents-in-suit at least as of the date of service." *Id*. at *10 (emphasis added). Thus, absent other facts, Babbage's blanket allegation that Defendants had knowledge of the '811 patent "at least as early as the filing date of the Complaint" is legally insufficient to plausibly support an allegation of indirect infringement.

This reasoning is particularly germane here because the patent expired before the complaints were served, as further evidenced by the fact that a summons did not even issue until over a week after the patent expired. Babbage's service of the Complaint ***after the '811 patent expired*** does not support a plausible claim for indirect infringement. Accordingly, Babbage's claims for induced and contributory infringement should be dismissed.

**B.     Babbage Fails to Plead Facts to Plausibly Allege Intent to Infringe.**

Babbage also fails to plausibly allege specific intent to infringe.  A claim for induced infringement requires a plaintiff to establish that the defendant "possessed a specific intent to encourage another's infringement of the patent."  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).  Similarly, a claim for contributory infringement requires a plaintiff to establish "§ 271(c)'s intent requirement" – that the defendant had specific knowledge that "the combination for which [its] component was especially designed was both patented and infringing."  *Global-Tech*, 131 S. Ct. at 2067-68 (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).  To survive a motion to dismiss, a complaint must include "facts indicating an intention to cause infringement."  *Lone Star Document Management, LLC v. Atalasoft, Inc.*, C.A. No. 2:11-CV-00319-JRG, 2012 WL 4033322, at *3 (E.D. Tex. Sept. 12, 2012) (citing *Bill of Lading*).

The "intent" elements require more than simply knowledge of the asserted patent.  Given the facts here – that Babbage's '811 patent expired *before* service of its Complaint on Defendants – Babbage cannot even allege basic knowledge of the patent, let alone the requisite intent for indirect infringement.  Babbage offers no plausible explanation as to how Defendants possessed the requisite intent prior to the patent's expiration.  Babbage's unsupported allegation that Defendants "knew their actions would lead to actual infringement and/or was recklessly indifferent with respect thereto" is entirely conclusory, and afforded no weight. Dkt. No. 1 at ¶ 10; *Iqbal*, 129 S.Ct. 1937 at 1950 (explaining that a court considering a motion to dismiss can reject allegations that "because they are no more than conclusions, are not entitled to the assumption of truth").  Accordingly, Babbage cannot plausibly allege that Defendants had the specific intent to infringe, and as such, its claims for induced and contributory infringement should be dismissed.

### C. Babbage Fails to Plead Facts to Plausibly Allege No Substantial Non-Infringing Use Required for Contributory Infringement.

Babbage's claim for contributory infringement suffers from an additional defect: Babbage fails to plausibly allege that the accused products have "no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337 ("[c]ontributory infringement occurs if a party sells or offers to sell, a material or apparatus . . .[that] has no substantial non-infringing uses"); *InMotion Imagery*, 2012 WL 3283371, at *3-4 (complaint must plead "facts adequate for the Court to find an inference that such components have no substantial non-infringing uses"). For that reason alone, Babbage's contributory infringement claim fails.

Babbage recites no facts to support an inference that the accused products – referred to generally as "video games" – have no substantial non-infringing uses. Babbage pleads only a conclusory allegation that Defendants "sold … a material component of the patented invention that is not a staple of article of commerce capable of substantial non-infringing use[.]" Dkt. No. 1 at ¶10. This is insufficient as a matter of law. This Court has found that similar allegations do not plausibly support an inference that the allegedly infringing components have no substantial non-infringing uses. *See, e.g.*, *InMotion Imagery*, 2012 WL 3283371, at *4 (dismissing contributory infringement claim where complaint did not "allege any facts adequate for the Court to find an inference that [the accused products] have no substantial non-infringing uses."). Therefore, since Babbage has plead no facts to plausibly allege that no substantial non-infringing uses exist, Babbage's claim for contributory infringement should be dismissed.

### III. CONCLUSION

Babbage cannot plausibly allege claims for induced and contributory infringement. Accordingly, Defendants request that the Court dismiss Babbage's claims for induced and contributory infringement without leave to amend pursuant to Fed. R. Civ. P. 12(b)(6).

DATED:  December 20, 13	Respectfully submitted,

By: /s/ Melissa R. Smith

Melissa Smith
State Bar No. 24001351
**GILLAM & SMITH**, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257

Michelle L. Marriott
State Bar No. 24043802
Eric A. Buresh, *pro hac vice filed*
ERISE IP, P.A.
6201 College Blvd., Suite 300
Overland Park, Kansas  66211
(913) 777-5600
(913) 777-5601 – fax
michelle.marriott@eriseip.com

*ATTORNEYS FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on  December 20, 13.

/s/ *Michelle L. Marriott*
Michelle L. Marriott